FILED

2006 Jan-27  AM 11:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN  DIVISION

| | | |
|---|---|---|
| **ROSLYN COOK-DEYAMPERT,** | ) | |
| **and GENEVA BROWN,** | ) | |
| | ) | |
| Plaintiffs**,** | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **7:03-cv-3132-UWC** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **TRANSPORTATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO STRIKE
and
DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND**

The Scheduling Order, which was proposed to the Court by the parties,

provides that the Defendants were allowed until October, 1, 2004, to add defenses

and amend the pleadings.  (Doc. 10.)

On August 16, 2004, Plaintiffs filed a Second Amended Complaint.  (Doc.

15).  Under the Federal Rules of Civil Procedure, Defendants were required to

answer the Second Amended Complaint within ten days,[1] which was well within

---

[1]*See* F.R.Civ.P. (Rule) 15(a).

the deadline for adding defenses and amending the pleadings.  The Defendants had

neither answered the Second Amended nor sought to amend their pleadings when

the court-ordered deadline expired on October 1, 2004.

Over a year after the deadline expired, and three weeks after the discovery

deadline had expired, the Defendants file on December 5, 2005, and amended

Answer to the Second Amended Complaint (Doc. 26), in which they denied the

material allegations of the said complaint and asserted, for the first time, numerous

affirmative defenses.

The Plaintiffs filed a Motion to Strike the Amended Answer.  (Doc. 28.)

The Defendants responded in opposition to the motion; and moved in the

alternative for leave to file the amended Answer.  (Doc. 4.)

It is hornbook law that affirmative defenses must be specifically pled;

otherwise, they are waived. Rule 8 (c).  *See Steger v. Gen. Elec. Co.,* 318 F.3d

1066, 1077 (11th Cir. 2003); WRIGHT AND MILLER, 5 Fed Prac. & Proc. 3d §

1278.

It follows that the Defendants have waived any affirmative defenses they

may have had to the Plaintiffs' Second Amended Complaint.  Inasmuch as the

Defendants have failed to show good cause for their failure to timely assert the

affirmative defenses, their arguments against waiver are unavailing.  *See*

F.R.Civ.P. 16(b); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

The Defendants' alternative untimely motion for leave to amend is due to be denied. The granting of the motion would entail a new round of discovery, for the Plaintiffs clearly would be entitled to discovery on the affirmative defenses; and the new round of discovery would unnecessarily delay the trial of this action.

The Plaintiffs' Motion to Strike is hereby GRANTED; and the Defendants' alternative Motion For Leave to File Answer to Second Amended Complaint is hereby DENIED.

Done the 27th day of January, 2006.

_____
U.W. Clemon
Chief United States District Judge