FILED
2006 Sep-06 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ROSLYN COOK-DEYAMPERT,** and **GENEVA BROWN,** | ) ) ) |
| Plaintiffs**,** | ) ) |
| **vs.** | ) Civil Action Number ) **7:03-cv-3132-UWC** ) |
| **ALABAMA DEPARTMENT OF TRANSPORTATION, et al.,** | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This Court has previously decided that the Defendants waived their right to assert *res judicata* and collateral estoppel affirmative defenses because of the Defendants' failure to timely assert them and lack of good cause for their untimeliness. The Motion to Reconsider that decision is due to be denied.

However, in the alternative, the Defendants have also moved for a dismissal of certain claims due to lack of subject matter jurisdiction. "Questions of subject matter jurisdiction may be raised ... at any time during the pendency of the proceedings." *Ingram v. CSX Transp., Inc.,* 146 F.3d 858, 861 (11th Cir. 1998).

The present issue is whether this Court has subject matter jurisdiction over

claims that the Plaintiffs released through the class action settlement reached in *Reynolds v. Alabama Department of Transportation, et al.*, CV-85-T-665-MHT, in the United States District Court for the Middle District of Alabama on May 29, 2001. The Defendants contend that the Plaintiffs lack standing to assert any claim for relief based on occurrences or omissions prior to May 29, 2001, because all such claims were moot by the date on which this lawsuit was filed.

It is apparently undisputed that the Plaintiffs were members of the certified class in *Reynolds*.  Neither plaintiff effectively opted-out of the class settlement in that case; therefore, they are bound by its terms.  A settlement entered into prior to filing a lawsuit leaves the plaintiffs with no standing to pursue claims that were released in the settlement.  *United States Fire Insurance Company v. Caulkins Indiantown Citrus Company*, 931 F.2d 744, 748 (11th Cir. 1991).  Thus, the Plaintiffs' pre-May 29, 2001 racial discrimination claims were released, and therefore moot, as of December 11, 2003, when the Plaintiffs filed the present lawsuit.  Accordingly, the Plaintiffs in this case lack the requisite standing to pursue their pre-May 29, 2001 claims.  The Defendants' Motion to Dismiss such claims is due to be granted.

Nonetheless, only the claims specifically released in the May 29, 2001 *Reynolds* settlement are no longer justiciable. When only certain issues are settled,

the case as a whole remains alive. *U.S. Fire Ins. Co.*, 931 F.2d at 748. Therefore, the Plaintiffs have standing to bring all of the other claims not specifically settled in the *Reynolds* case, and this Court retains subject matter jurisdiction over all of the surviving claims.

By separate order, the Motion to Reconsider will be denied, and the Motion to Dismiss Plaintiffs' claims arising prior to May 29, 2001 will be granted.

Done the 6th day fo September, 2006.

_____
U.W. Clemon
Chief United States District Judge