FILED
2006 Sep-26 PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ROSLYN COOK-DEYAMPERT and GENEVA BROWN,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**ALABAMA DEPARTMENT OF TRANSPORTATION; JOE McINNES, in his official capacity as Director of the Alabama Department of Transportation; and L. DEE ROWE, in her official capacity as Division Engineer for the Fifth Division of the Alabama Department of Transportation,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | Civil Action Number<br>**7:03-cv-3132-UWC** |

### FINAL JUDGMENT AND PERMANENT INJUNCTION

Based on the Special Verdict of the Jury and the evidence adduced at trial, FINAL JUDGMENT is hereby entered in favor of the Plaintiffs and against the Defendants.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows.

1. The Defendants ALABAMA DEPARTMENT OF TRANSPORTATION ("ALDOT"), JOE McINNESS, in his official capacity as Director of ALDOT, L.

DEE ROWE, in her official capacity as Division Engineer for the Fifth Division of ALDOT, their officials, directors, managers, supervisors, agents, employees, and those in active concert or participation with them are hereby PERMANENTLY ENJOINED from denying promotions to Plaintiffs ROSLYN COOK-DEYAMPERT and GENEVA BROWN because of their race, and from retaliating against them because of their participation in activities protected under Title VII of the 1964 Civil Rights Act, 41 U.S.C. § 2000e *et seq.* as well as Section 1983 of Title 42 of the United States Code, 42. U.S.C. § 1983.

  2. Plaintiff ROSLYN COOK-DEYAMPERT shall have and recover of the Defendants the sum of Four Hundred Eighty-eight Thousand Six Hundred Ninety and 64/100 Dollars ($488,690.64 ) as backpay and Fifty Thousand Dollars ($50,000) as damages for mental anguish and emotional distress.

  3. Plaintiff GENEVA BROWN shall have and recover of the Defendants the sum of Sixty-five Thousand Six Hundred Ninety-seven and 65/100 Dollars ($65,697.65) as backpay and Twenty-five Thousand Dollars ($25,000) as damages for mental anguish and emotional distress.

  4. Defendants shall immediately reinstate Plaintiff Roslyn Cook-Deyampert to her former or a comparable position. Defendants shall promote said Plaintiff to fill the next vacancy in the position of Division Engineer in the Sixth

Division,[1] and to such interim vacancies as may occur in that position. In the meanwhile, the said Plaintiff shall be compensated at a rate not less than that of the incumbent in that position, Randall Estes; and she shall otherwise be deemed by the Defendants to have been promoted to that position on the same date as Randall Estes.

5. Defendants shall immediately transfer Plaintiff Geneva Brown in a comparable position nearest her residence in the Third or Fifth Division. They shall promote her to fill the next vacancy in the position of Division Engineer in the Third Division. In the meanwhile, the said Plaintiff shall be compensated at a rate not less than that of the incumbent Brian Davis; and she shall otherwise be deemed by the Defendants to have been promoted to that position on the same date as Brian Davis.

6. The Plaintiffs shall have and recover of the Defendants a reasonable attorney's fee, to be set by the Court in the absence of agreement of the parties. Within fifteen (15) days, Plaintiffs' counsel shall file with the Court a statement of the total fees requested, description of services rendered, hours expended, and expenses incurred in the prosecution of this action.

---

[1] The Court is at a loss to understand the Defendants' contention that the Plaintiffs must be licensed as engineers as a condition of holding division engineers. *See*, Doc. 104-1. The applicable statute provides that the requirement of an engineering license does not apply to "the practice of engineering ... by any person who is employed by the Alabama Department of Transportation prior to January 1, 1997, in engineering or engineering assistant classification series under the State of Alabama Personnel Board, Merit system." *Ala. Code of 1975,* § 34-11-14(5). Both Plaintiffs were employed prior to 1997 in an engineering or engineering assistant classification..

The costs of this case are hereby taxed against the Defendants. Plaintiffs shall file their Bill of Costs within fifteen (15) days of the date of this Final Judgment.